JUSTICE REGNIER
dissenting.
¶19 I respectfully dissent. The Court essentially concludes that the Defendant did not expressly waive her right to an attorney when Judge Louden informed her that by pleading guilty, she waived her constitutional rights including her right to an attorney. The Court states that Judge Louden should have first asked the Defendant if she waived her right to counsel and then, in a separate sentence, asked her if she was pleading guilty. By doing so, according to the Court, we are assured the defendant is provided an opportunity to affirmatively and expressly waive the right to counsel.
¶20 The record is quite clear. Judge Louden advised Howard of her rights and specifically advised her of her right to counsel before she entered her guilty plea. Judge Louden also informed her that if she pled guilty, she was waiving those rights, including her right to counsel. Judge Louden made certain that the Defendant understood her rights and the effect of her entry of the guilty plea.
¶21 The colloquy that occurred in this case, in my view, was sufficient. Apparently Judge Louden and the District Court reached the same conclusion. The Defendant did not acquiesce in the waiver of her rights by pleading guilty. She pled guilty only after she was fully informed and understood that by pleading guilty, she waived her constitutional rights. In my judgment, the plea in this case was constitutionally valid. I would affirm the District Court and dissent from our failure to do so.